### ORANGE FRANKS v. THE STATE.

#### No. 2874.  Decided May 3, 1905.

**1.—Theft of a Hog—Evidence—Improbability of Defendant's Theory.**

Where in a prosecution for hog theft the evidence showed that meat corresponding to that of the lost animal, which was a black sow with some white hair, was found in a barrel or tub on appellant's premises, and in the same vessel was found other meat indicating that a red hog had been killed, there was no error in admitting the testimony with reference to the meat of the red hog, where the object of this testimony was to discredit the probability of appellant's testimony that the two hogs belonged to the same litter, he admitting that he had killed the red hog, and there being no evidence that the red hog had been stolen; and also to show the probability that the black sow was the hog alleged to have been stolen, the latter weighing about 125 pounds, and the red hog about 250 pounds.

**2.—Same—Argument of Counsel—No Special Instruction.**

Where the State's counsel in his argument alluded to certain testimony as follows: "This testimony concerning the finding of meat of a red hog was introduced for the purpose of throwing light upon the theft of the black and white spotted sow described in the indictment, and has no other bearing on the case. This matter relating to the taking of the red hog will be attended to later," to

which defendant excepted because there was no evidence of the theft of a red hog, and the court reproved State's counsel for using this language, but there was no special instruction requested. Held, if error, it was not reversible error as presented.

**3.—Same—Impeaching Testimony Question For Jury.**

Where in a prosecution for theft of a hog, the circumstantial evidence is strong and cogent; and in addition there is positive testimony of such theft, by a witness whose testimony is sought to be impeached, the verdict will not be disturbed, as the jury could nevertheless believe the testimony of this witness.

Appeal from the District Court of Guadalupe. Tried below before Hon. M. Kennon.

Appeal from a conviction of theft of a hog; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*J. B. Dibrell* and *T. E. Campbell,* for appellant.—Neeley v. State, 11 S. W. Rep., 376; English v. State, 15 S. W. Rep., 649; Williams v. State, 6 S. W. Rep., 318.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Three years in the penitentiary was fixed as appellant's punishment on conviction of hog-theft. The testimony shows that the alleged stolen hog was a black sow, with some white hair. After the animal was missed a search warrant was obtained, and the premises of appellant investigated. Meat corresponding to that of the lost animal was found in a barrel or tub in the house on appellant's premises. In the same barrel was found other meat, indicating that a red hog had been killed. The testimony with reference to the meat of the red hog was admitted over appellant's exceptions. The court states, in connection with this bill: "That the testimony as to the weight of the red hog was admitted after defendant had testified as to the killing of that hog, and that it was of the same litter as the black sow he claimed to have killed on Wednesday, for the purpose of showing the improbability of the two hogs being of the same litter, and the probability of the black sow being the hog alleged to have been stolen. There was no evidence tending to show that the red hog had been stolen." With this qualification we see no error in admitting the evidence. Appellant's testimony was to the effect that the red hog referred to was of the same litter as that of the black sow, and that there were other black hogs of the same litter. The sow set up in the indictment, weighed about 125 pounds. The red hog weighed about 250 pounds. All of the other hogs claimed by appellant to be of the same litter were about the same size as the black sow. We believe this testimony was properly admitted, and tended to show, as explained by the court, the improbability of appellant's theory, that they were of the same litter. While it may not have been a very cogent fact, yet taken with the other facts, it had a tendency to disprove appellant's evidence,

which tended to show the two hogs were of the same litter. State's counsel, in the closing argument, with reference to the testimony of the witnesses Dix and Brawner, concerning the finding of the meat of the red hog, used the following language: "This testimony was introduced for the purpose of throwing light upon the theft of the black and white spotted sow, described in the indictment, and has no other bearing on the case. This matter relating to the taking of the red hog will be attended to later." Exception was reserved to this language, on the ground that there was no evidence of the theft of the red hog. The court reproved and admonished State's counsel for this argument, by stating, in the presence of the jury, that there was no evidence of the theft of the red hog, but appellant nevertheless excepted on the ground that the words had been spoken and had their effect, though withdrawn, and were calculated to emphasize the effect of the testimony admitted over appellant's objection. We are unable to perceive any injury by reason of these remarks, unless it be found in the fact that counsel said the matter relating to the taking of the red hog would be attended to later. If this had any illusion to a possibility of appellant having committed theft of the red hog, the court reproved counsel in the presence of the jury by stating to them, there was no evidence of the theft of the red hog. No special instructions were requested, and as presented we do not believe there was any such error, if error at all, as would require a reversal.

It is insisted that the evidence is not sufficient to justify the conviction. To this we cannot agree. The circumstantial evidence is strong and cogent; and in addition to this, the stepson of appellant testified positively to the theft of the hog by his step-father, and that the animal in question was the property of the alleged owner. The mere fact that he was sought to be impeached or contradicted in regard to this matter did not necessarily require the jury to disbelieve his testimony. They may have and evidently did believe it in preference to those whose evidence tended to impeach him.

The judgment is affirmed.

*Affirmed.*